PULASKI COUNTY *v*. NATIONAL OLD LINE INSURANCE COMPANY.

4-7897            194 S. W. 2d 890

Opinion delivered May 20, 1946.

Rehearing denied June 17, 1946.

*John M. Rose*, for appellant.

*Frank Chowning, Beloit Taylor, M. J. Harrison, Verne McMillen* and *Pat Mehaffy*, for appellee.

HOLT, J. This is a companion case to No. 4-7898, *Pulaski County, et al.,* v. *Commercial National Bank, et al., ante,* p. 124, 194 S. W. 2d 883, this day decided, and the decision in that case is controlling here.

Appellants, Pulaski County, The City of Little Rock, The Little Rock Special School District, and John M. Rose, a property owner, challenged the correctness of the formula, or method, used by appellees, The National Old Line Insurance Company, The National Equity Life Insurance Company, The Pyramid Life Insurance Company, The Union Life Insurance Company, and The Southern National Insurance Company, all domestic insurance companies, to compute the value of the shares of stock of these companies. They alleged that the formula used resulted in too low an assessed valuation on

the stock of appellees and that the assessor ignored appellants' protest and assessed said shares in accordance with appellees' own calculations. As in the case of the banks, *supra*, appellants applied to the Board of Equalization of Pulaski county for an increase in these alleged erroneous assessments. The Equalization Board denied any increases, and appellants appealed to the county court which affirmed the action of the Equalization Board and granted an appeal to the circuit court.

Appellees, in the circuit court, filed identically the same motion to dismiss appellants' appeal as that filed by the banks, *supra*. Appellants say (quoting from their brief): "The motion to dismiss the cases against these five insurance companies and the motion to dismiss the cases against the five Little Rock banks (case No. 7898 now also on appeal to this court) were argued simultaneously before the two circuit judges. Said two motions raise identically the same five points, but consolidation was not asked on appeal to this court due to objection by some of appellees. . . . That portion of this brief containing the 'Argument' is identically the same as the argument in the bank cases."

Since we hold in case No. 4-7898, *supra*, that the statute, § 13671 of Pope's Digest, invoked by appellants here is unconstitutional [since it contravenes the 14th Amendment to the Constitution of the United States] in so far as it permits a property owner to appeal from the action of the Board of Equalization in refusing to raise the assessments of another property owner without requiring any kind of notice to the property owner whose assessment is sought to be increased, we must, and do, affirm the judgment of the lower court.

McFADDIN, J., dissents; McHANEY, J., concurs.

The Chief Justice did not participate in the consideration or determination of this case.

ED. F. McFADDIN, Justice (dissenting). This is a companion case to No. 4-7898, styled *Pulaski County, et al.,* v. *Commercial National Bank, et al., ante* p. ......, 194

S. W. 2d 883; and my dissent in the bank case gives the reasons for my dissent in this case.